UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

UNITED STATES OF AMERICA          )
                                  )
v.                                )          No. 1:25-cr-113-CEA/MJD
                                  )
ELIZABETH J. COX                  )

**<u>MEMORANDUM & ORDER</u>**

Before the Court is Defendant Elizabeth J. Cox's ("Defendant") Motion for Release Pending Sentencing [Doc. 22 (the "Motion")]. On July 1, 2026, this Court conducted a change of plea hearing pursuant to 28 U.S.C. § 636(b). At the Hearing, the Court also addressed the Motion. The plea agreement reflects Defendant's guilt regarding Count Two of the Indictment—possession with intent to distribute oxycodone in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C)— which carries a maximum sentence of 20 years imprisonment. The offense is undisputedly identified in 18 U.S.C. § 3142(f)(1)(C), and Defendant is therefore subject to mandatory detention under 18 U.S.C. § 3143(a)(2).

There is an exception to this general rule that permits release if two requirements are satisfied: (1) there is a "substantial likelihood that a motion for acquittal or new trial will be granted" or the Government has "recommended that no sentence of imprisonment be imposed" on Defendant; and (2) the Court finds "by clear and convincing evidence that [Defendant] is not likely to flee or pose a danger to any other person in the community." 18 U.S.C. § 3143(a)(2)(B). The Court finds this exception does not apply in this case as, in light of the plea agreement, there is no substantial likelihood that a motion for acquittal or new trial will be granted and the Government has not recommended that no sentence of imprisonment be imposed. Therefore, Defendant is subject to mandatory detention under 18 U.S.C. § 3143(a)(2).

Defendant therefore invokes 18 U.S.C. § 3145(c), addressing appeals from detention orders, which requires Defendant: (1) prove, by clear and convincing evidence, that he is not likely to flee or pose a danger to the safety of any other person or the community if released in accordance with 18 U.S.C. § 3143(a)(1); and (2) "clearly show[] that there are exceptional reasons why [Defendant's] detention would not be appropriate." 18 U.S.C. § 3145(c).

As to the initial showing, the Court finds Defendant was released on conditions of supervision on January 8, 2026. Since that time, she has performed admirably in complying with her conditions and has experienced no issues. The Government does not dispute this. For these and other reasons set forth during the Hearing, the Court finds Defendant has demonstrated by clear and convincing evidence that she meets the conditions of release set forth in 18 U.S.C. § 3143(a)(1).

Next, Defendant must "clearly show[] that there are exceptional reasons why [Defendant's] detention would not be appropriate." 18 U.S.C. § 3145(c). Although the statute does not define what constitutes "exceptional reasons" to allow release, courts appear to agree that the circumstances must be "out of the ordinary," "uncommon," or "rare," and that the reasons should set the defendant apart from anyone else convicted of a similar crime or crimes. *See e.g., United States v. Wise*, No. 3:20-CR-46-TAV-JEM-2, 2023 WL 4554091, at *3 (E.D. Tenn. July 14, 2023) (quoting *United States v. Koon*, 6 F.3d 561, 563 (9th Cir. 1993) (Rymer, J., concurring)).

In this case, in her Motion and during the Hearing, Defendant argued that the following factors amount to "exceptional reasons" supporting her release: her compliance with pretrial release and her role as sole provider for three children, the youngest of which is ten years of age. The Court would note that, though Defendant's compliance with pretrial release is commendable, it is well-settled that a defendant's "compliance with the conditions of release alone is not

sufficient to support an exceptional circumstance for release." *See Wise*, 2023 WL 4554091 at *3.

Furthermore, familial circumstances, obligations, or hardships are not exceptional reasons for release under 18 U.S.C. § 3145(c). *See Wise*, 2023 WL 4554091 at *4 (citing *United States v. Burnett*, 76 F. Supp. 2d 846, 849–50 (E.D. Tenn. 1999)).

Accordingly, the factors presented by Defendant in this case do not constitute "exceptional reasons" for her release as required by Congress under 18 U.S.C. § 3145(c), and Defendant has cited no authority to suggest that the Court should find otherwise. The Court therefore respectfully **DENIES** Defendant's Motion [Doc. 22]. However, in light of Defendant's compliance with pretrial conditions and considering her familial circumstances, the Court allows Defendant one week to make arrangements for the care of her children prior to being remanded into custody. Defendant is therefore **ORDERED** to self-report to the United States Marshals Service on July 8, 2026, at 12:00 p.m.

**ENTER**:

s/ _____
MIKE DUMITRU
UNITED STATES MAGISTRATE JUDGE